**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4658**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY DALE CROCKETT, a/k/a Timothy Howard Crockett, a/k/a Timothy Dale Neill, a/k/a Timothy Dwayne Pope, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:98-cr-00798-HMH-1)

Submitted:  May 30, 2019                                    Decided:  June 14, 2019

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Dale Crockett appeals from the district court's order revoking his supervised release and sentencing him to 33 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking his supervised release term and erred in sentencing him. Crockett has filed a supplemental pro se brief in which he argues that the district court lacked jurisdiction to revoke his supervised release. We affirm.

We review the district court's revocation of supervised release for abuse of discretion and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Crockett admitted to all violations alleged in the petition to revoke his supervised release. We therefore find no abuse of discretion in the court's decision to revoke his supervised release term.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, [we] must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where, as here, the district court adequately explains the sentence after considering the Chapter Seven policy

2

statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). We have reviewed the record and conclude that Crockett's sentence, which is within both the statutory maximum and the policy statement range, is procedurally and substantively reasonable.

In his pro se supplemental brief, Crockett argues that the district court lacked jurisdiction to revoke his supervised release because the term of supervised release had expired prior to his revocation hearing. However, because Crockett was incarcerated during part of the five-year period following the beginning of his term of supervised release, his term had not expired at the time the petition to revoke was filed. *See* 18 U.S.C. § 3624(e) (2012). Therefore, we find this claim without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Crockett, in writing, of the right to petition the

3

Supreme Court of the United States for further review. If Crockett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crockett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*